THOMAS CRONIN v. L. H. STILL ET AL.

Decided March 24, 1904.

1.—Building Contract—Extra Work.

A charge to find for defendant on a claim of a building contractor for extra work, because the written contract provided that no such claim should be allowed unless done on written order and estimate of the architect, which were not had, was properly qualified by the further exception of the case of a ratification by the owner of the giving of a verbal order therefor by the architect, if there was evidence of such ratification.

2.—Charge—Evidence.

Charge held erroneous because of absence of evidence of authority of agents making waiver for owner of a building of his claim for damages by delay of contractor in its construction or of the making of a final settlement between the parties, submitted to the jury as constituting defenses.

Appeal from the District Court of Anderson. Tried below before Hon John Young Gooch.

*Thos. B. Greenwood,* for appellant.

*Gould & Morris* and *P. W. Brown,* for appellees.

GARRETT, CHIEF JUSTICE.—L. H. Still as contractor and William and George D. Broyles as materialmen brought this suit to recover of Thos. Cronin a balance due upon a contract for the erection of a building. From a judgment in favor of the plaintiffs for the entire amount sued for, the defendant has appealed. The points in dispute are a claim by the contractor for $140 for extra work and a claim by the owner for eighty-two days' delay at the rate of $3 a day in the completion of the building by the time stipulated in the contract. There is a provision in the contract that "no payment shall be made for extra work, unless done upon the written order of the architect, which order shall state the nature and cost of the work, and state what extra time shall be allowed for completion of the whole work by reason of the change." The architect in charge of the work made the contract with Still for the extra work, but did not make a previous written order and estimate therefor, but gave a written order for the payment of the money after the work had been completed.

The first error complained of is the qualification made by the court of the charge requested by the defendant to find for the defendant because the uncontradicted evidence showed that there was no written order for the work, the qualification being that if the architect ordered the work verbally and not in writing and Cronin ratified his verbal order, then he would not be excused from paying for the value of the same because the order was not in writing. The assignment does not point out any error because it does not state that there was no evidence of ratification. If Cronin in fact ratified the verbal order for the extra work and accepted it he would be bound to pay for it. But the judgment

of the court below must be reversed for error in the special charge number 2 given at the request of the plaintiffs with respect to the occupancy of the house by Mrs. Naylor as a defense to the claim for demurrage upon two grounds. There was no evidence upon which to submit to the jury any understanding between Still and Cronin in person that if Still would let Mrs. Naylor occupy the house the defendant would not claim demurrage. The only evidence tending to show such an agreement was that the architect had promised Still if he would let Mrs. Naylor occupy the house while it was being finished demurrage would be waived, and that Mrs. Branagan acting for her father had authorized Mrs. Naylor to take possession. The charge also assumed that the architect Moad and Mrs. Branagan were the agents of the defendant Cronin to make the alleged agreement with respect to the occupancy of the building by Mrs. Naylor. This was at most a disputed fact. It was also error for the court to submit to the jury the question of a final settlement between the parties because the undisputed evidence showed that they did not reach a settlement, but that the defendant only offered to settle upon payment of $100 demurrage, which Still refused to allow and brought suit. For the reasons given the judgment of the court below must be reversed and the cause remanded.

*Reversed and remanded.*